UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JACOB KEITH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:26-cv-00126-JAW |
| | ) | |
| MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges a state agency failed to respond adequately to reports of abuse when he was a minor. (Complaint, ECF No. 1). With his complaint, Plaintiff filed an application to proceed without prepayment of fees, (Application, ECF No. 2), which application the Court granted. (Order, ECF No. 4.) In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).[1]

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

---

[1] Plaintiff also filed a motion to seal certain documents evidently because, according to Plaintiff, some documents contain confidential medical information. (Motion to Seal, ECF No. 5.) Although many of the subject documents do not appear to contain confidential information, because some of the documents include information that should be protected from public disclosure and because this matter is currently at the initial review stage, to avoid the public disclosure of confidential information that should be protected, the Court grants the motion and seals the documents subject to the Court's ability to review Plaintiff's request further should this matter proceed beyond the initial review stage.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Solutions*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

**FACTUAL ALLEGATIONS**[2]

Plaintiff was born in 2004 in Portland, Maine. Both of his biological parents struggled with addiction. The Maine Department of Health and Human Services (Maine DHHS) initiated child protective proceedings, and custody was subsequently transferred to a grandmother, foster care, and then to an adoptive family. Plaintiff alleges that in his adoptive home, he was subjected to food deprivation, physical abuse, forced labor, and other harms. During many incidents when he was a minor and then as an adult, Plaintiff encountered police, crisis centers, medical facilities, and homeless shelters. Plaintiff asserts that various entities and employees failed to follow proper procedures or otherwise failed to respond adequately to his reports of abuse or other misconduct.

**DISCUSSION**

Plaintiff evidently seeks to bring a claim for damages against Defendant Maine DHHS pursuant to 42 U.S.C. § 1983. However, state agencies are not considered persons under 42 U.S.C. § 1983, *Will v. Michigan Department of State Police,* 491 U.S. 58, 64 (1989), and under the doctrine of sovereign immunity exemplified by the Eleventh Amendment, states and state agencies may not be sued by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Department of Corrections*, 558 F.3d 92, 97 n.6 (1st Cir. 2009). The exception to sovereign immunity laid out in *Ex Parte Young*, 209 U.S. 123 (1908), allows federal courts to grant prospective injunctive relief

---

[2] Plaintiff filed a short form complaint and hundreds of pages of attachments, medical records, letters, and other filings. The following summary is drawn primarily from the complaint and a legal memorandum accompanying the complaint. (Attachment, ECF No. 1-14.)

against state officials to prevent a continuing violation of federal law, *Doe v. Shibinette*, 16 F.4th 894, 903 (1st Cir. 2021), but that exception does not apply here because Plaintiff is no longer a minor and thus seeks retrospective relief.[3]

To the extent that Plaintiff intended to name as defendants all other individuals and entities mentioned in his memorandum and other filings, the filings fail to state a federal claim against the other individuals and entities. First, to the extent Plaintiff alleges that certain governmental employees failed to protect him from harm when he was not in state custody, Plaintiff's claim fails. *See DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 191 (1989) (in a non-custodial situation, the failure to protect a person from harm by another individual does not constitute a constitutional violation). In addition, Plaintiff has not described in any meaningful way the alleged unlawful conduct of each potential defendant. The discernible factual allegations, therefore, do not support a federal claim against any of the named individuals or entities. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009) (Because "various liability is inapplicable" in a federal civil rights lawsuit, a government official is "only liable for his or her own misconduct," and "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Finally, Plaintiff's filings could be construed to assert state law intentional tort claims against his adoptive family members and negligence claims against other

---

[3] For similar reasons, the analysis is not altered by Plaintiff's citations of several other recent lawsuits brought against Maine DHHS and other entities mentioned in his filings.

individuals and entities, but without a federal claim, Plaintiff must assert those claims in state court. That is, it would not be appropriate for the Court to exercise supplemental jurisdiction over the alleged state law claims in the absence of a surviving federal claim. *See Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims").

## CONCLUSION

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, for the reasons explained above, I recommend the Court dismiss the matter.[4]

## NOTICE

Any objection to the order on Plaintiff's motion to seal shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of June, 2026.

---

[4] After he filed the complaint, Plaintiff filed a motion for summary judgment. (Motion for Summary Judgment, ECF No. 16.) The information filed by Plaintiff in connection with the motion does not alter my analysis or conclusion.