UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JACOB KEITH,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )     No. 2:26-cv-00126-JAW
                                      )
MAINE DEPARTMENT OF                   )
HEALTH AND HUMAN                      )
SERVICES,                             )
                                      )
            Defendant.                )

**ORDER AFFIRMING RECOMMENDED DECISION OVER OBJECTION**

On March 10, 2026, Jacob Keith filed a civil complaint and motion to proceed in forma pauperis. *Compl. for a Civil Case* (ECF No. 1) (*Compl.*); *App. to Proceed in Dist. Ct. without Prepaying Fees or Costs* (ECF No. 2). His complaint names Maine Department of Health and Human Services (Maine DHHS) as the sole defendant. He alleges Maine DHHS and various other entities, individuals, and employees failed to follow proper procedure or otherwise failed to respond adequately to his reports of abuse and other misconduct during his experience in child protection proceedings, including while he was in foster care and placed with an adoptive family. *See Compl.*, Attach. 14, *Key Legal Concepts* (*Pl.'s Mem.*). He seeks declaratory and injunctive relief, as well as damages. *Compl.* at 8.

On June 17, 2026, the United States Magistrate Judge, after granting Mr. Keith's motion to proceed in forma pauperis and conducting a preliminary review of the complaint, recommended dismissal. *Recommended Decision after Prelim. Review* at 3-5 (ECF No. 26) (*Recommended Decision*). The Magistrate Judge concluded the

complaint's 42 U.S.C. § 1983 claim for damages against Maine DHHS is barred by its sovereign immunity under the Eleventh Amendment. *Id.* at 3. The Magistrate Judge also concluded the complaint's request for injunctive relief did not apply because Mr. Keith was no longer a minor and therefore could only seek retrospective relief, explaining that the *Ex parte Young* exception to sovereign immunity allows federal courts to grant prospective injunctive relief against state officials to prevent a continuing violation of federal law.[1]  *Id.* at 3-4. To the extent the complaint asserts state law tort claims, the Magistrate Judge concluded the Eleventh Amendment bars those claims from litigation in federal court and the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction in the absence of a surviving federal claim. *Id.* at 4-5. Finally, to the extent the complaint intended to name as defendants the other individuals and entities mentioned in his memorandum and other filings, the Magistrate Judge concluded those claims fail as a matter of law, and in any event, the complaint did not provide any meaningful discernible factual allegations to support a federal claim against any of the named individuals or entities. *Id.* at 4.

That same day, Mr. Keith filed his objection to the Magistrate Judge's recommended decision, which he amended on June 19, 2026. *Pl.'s Objs. to the Recommended Decision* (ECF No. 28); *Pl.'s Am. Objs. to the Recommended Decision* (ECF No. 29) (*Pl.'s Objs.*). First, he objects on the ground that the Magistrate Judge

---

[1]    Moreover, the *Ex parte Young* exception to Eleventh Amendment immunity is limited to prospective relief against *state officials* and does not apply to state agencies, such as Maine DHHS. *See Poirier v. Mass. Dep't of Correction*, 558 F.3d 92, 97 n.6 (1st Cir. 2009) (stating *Ex parte Young* does not permit a plaintiff to "obtain such relief against a state or its agency").

did not fully analyze the complaint's "separate reliance on Title II of the [Americans with Disabilities Act (ADA)]" and caselaw construing the statute to abrogate state sovereign immunity in limited circumstances. *Id.* at 1-2. He therefore asks this Court to decline to dismiss his ADA-based claims without first addressing that caselaw, namely, *United States v. Georgia*, 546 U.S. 151 (2006), as applied to the complaint's allegations. *Id.* at 2.

Second, he objects to the Magistrate Judge's conclusion that his claim that certain governmental employees failed to protect him from private harm when he was not in state custody fails as a matter of law. He clarifies he does not assert a failure to protect claim, but rather that affirmative state conduct *increased* his vulnerability to harm. He urges the Court to read his allegations liberally in light of a state-created danger theory. *Id.* at 2-3. If the Court finds the complaint lacks sufficient detail, he requests leave to amend. Finally, Mr. Keith provides additional context "concerning Maine's child-welfare and disability systems as background," which avers "is consistent with the broader pattern reflected in his own allegations" warranting "careful review rather than summary dismissal." *Id.* at 4-5.

Third, he objects on the ground that "the Recommended Decision treats the absence of a proper § 1983 defendant as dispositive without addressing whether the allegations, liberally construed, may support amendment to identify a proper municipal defendant or local governmental actor under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)." *Id.* at 3-4. According to Mr. Keith, the complaint raises a *Monell* claim because it alleges "state-affiliated and local

3

governmental responses to reports of abuse, abandonment, custody status, disability-related needs, and legal protections owed to him as a minor," which demonstrate "policies, customs, inadequate training, inadequate supervision, or policymaker decisions that caused or increased the constitutional harm alleged." *Id.* He asks the Court not to adopt the recommended decision "without first considering whether the pleadings should be construed, or amended, to state a *Monell*-based theory against any proper local governmental defendant." *Id.* at 4.

Having performed a de novo review, the Court concludes that the Magistrate Judge's recommended decision correctly recommends Mr. Keith's complaint be dismissed for the reasons set forth in his recommended decision. Although he complains that the Magistrate Judge did not address his ADA claim, the complaint makes only passing reference to the ADA, and there is no reference to which disability Mr. Keith claims. To successfully plead an ADA claim, a plaintiff must allege that they are "disabled within the meaning of the ADA." *Colón-Fontánez v. Mun. of San Juan*, 660 F.3d 17, 32 (1st Cir. 2011). The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Other than citing the ADA, Mr. Keith's complaint does not allege what disability he is claiming, much less that he fits within the statutory definition of disability under the ADA.

Moreover, the Court cannot discern "(1) which aspects of the state's alleged conduct violated Title II; (2) to what extent such misconduct also violated the

4

Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Toledo v. Sánchez*, 454 F.3d 24, 31 (1st Cir. 2006) (quoting *United States v. Georgia*, 546 U.S. 151, 159 (2006)); *accord McKenna v. Me. Dep't of Health and Human Srvs.*, 152 F.4th 14, 19-21 (1st Cir. 2025). The pleading rules "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the complaint does not begin to establish a valid ADA claim.

As for his second objection, Mr. Keith is correct that "a plaintiff may hold a state officer liable for "failing to protect plaintiffs from danger created or enhanced by [the officer's] affirmative acts." *Irish v. Fowler*, 979 F.3d 65, 67 (1st Cir. 2020). However, "[t]o make out a state-created danger claim, a plaintiff must establish that: (1) a state actor 'affirmatively acted to create or enhance a danger to the plaintiff,' (2) the challenged acts 'created or enhanced a danger specific to the plaintiff and distinct from the danger to the general public,' (3) the challenged acts 'caused the plaintiff's harm,' and (4) the state actor's conduct, 'when viewed in total, shocks the conscience.'" *Cohen v. City of Portland*, 110 F.4th 400, 404-05 (1st Cir. 2024) (quoting *Irish*, 979 F.3d at 75); *see also Rivera v. Rhode Island*, 402 F.3d 27, 35 (1st Cir. 2005). Mr. Keith has not named any state officer in his complaint. Nor has he sufficiently described the specific acts any purported state officer undertook that would allow the Court to meaningfully review whether he has pleaded a plausible claim under the First Circuit's state-created danger framework. Moreover, to the extent Mr. Keith's

objection raises new issues, those should have been raised in his complaint, not in his objection to the Magistrate Judge's recommended decision. *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate [judge], not only their best shot, but all of their shots").

As for his third objection, the Court similarly rejects Mr. Keith's argument that his complaint alleges a theory of municipal liability consistent with *Monell*. "When pursuing a § 1983 claim against a municipality, municipal entity, or municipal employee in their official capacity . . . the plaintiff must also show that the deprivation of the federally protected right resulted from the enforcement of a municipal policy, practice, or custom." *Hewes v. Pangburn*, 162 F.4th 177, 190 (1st Cir. 2025). In his complaint, Mr. Keith does not name any municipal entity or municipal employee in their official capacity as a defendant. Nor does he allege that any purported municipal defendant acted pursuant to a an "officially adopted policy statement or regulation . . . or an informal custom amounting to a widespread practice that, although not authorized by written law, is so permanent and well settled as to constitute a custom or usage with the force of law" or that any such action caused the injuries alleged in his complaint. *Lavigne v. Great Salt Bay Cmty. Sch. Bd.*, 146 F.4th 115, 125 (1st Cir. 2025) (internal quotation marks and citations omitted). Again, the pleading rules "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, Mr. Keith's complaint does not begin to establish a valid § 1983 municipal liability claim.

The Court is sympathetic to Mr. Keith's allegations of abuse when he was a child, but federal courts are courts of limited jurisdiction and Mr. Keith's allegations do not allow the Court to assert federal jurisdiction over his claims.  Accordingly, for the reasons set forth in the recommended decision and in this order, the Court AFFIRMS and ADOPTS the Magistrate Judge's Recommended Decision after Preliminary Review (ECF No. 26).

The Court OVERRULES Jacob Keith's Objections to the Recommended Decision (ECF No. 28) and Amended Objections to the Recommended Decision (ECF No. 29).  The Court DISMISSES without prejudice Mr. Ketih's Complaint for a Civil Case (ECF No. 1).[2]  The Court further DISMISSES as moot Mr. Keith's Motion for Summary Judgment (ECF No. 16).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2026

---

[2]      The Court will not grant Mr. Keith leave to amend but notes that it dismisses his claim without prejudice.