UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JACOB KEITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00126-JAW |
| | ) | |
| MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING AMENDED COMPLAINT AS MOOT**

On June 26, 2026, the Court issued an order affirming the Magistrate Judge's recommended decision over the Plaintiff's objection and ordering the dismissal of the Plaintiff's complaint.  *Order Affirming Recommended Decision Over Obj.* (ECF No. 30) (*Order Affirming*).  Before the Clerk's Office was physically able to enter a judgment of dismissal, the Plaintiff filed a twenty-three-page amended complaint, illuminating the factual allegations supporting his claims and adding the Oxford County Sheriff's Office as a defendant.  *First Am. Compl.* (ECF No. 31).  Immediately after docketing his amended complaint, the Clerk's Office entered judgment, dismissing the Plaintiff's complaint.  *J. of Dismissal* (ECF No. 32).  In his amended complaint, Mr. Keith attempts to cure the deficiencies in his original complaint as he explains further in a letter to the Court attached to his amended complaint.  *First Am. Compl.*, Attach. 1, *Letter to the Ct. from Jacob Keith* (June 26, 2026).

Unfortunately, Mr. Keith's added detail does not cure the issue that required the Court to affirm the recommended decision and dismiss his complaint.  As the

Court emphasized in its June 26, 2026 dismissal order, the basis for the Court's order dismissing his complaint was jurisdictional, not about the underlying merits of his claims. *Order Affirming* at 7 ("[F]ederal courts are of limited jurisdiction and Mr. Keith's allegations do not allow the Court to assert jurisdiction over his claims"). In short, this Court does not have jurisdiction over Mr. Keith's case, regardless of how meritorious his claims might be, if the Court had jurisdiction. Thus, the Court's jurisdictional dismissal is not a ruling on whether he could prevail, but rather, he cannot prevail in this Court because this Court cannot legally hear his case.

Consistent with the Court's explanation in its prior order, the Plaintiff's amended complaint does not solve the issue of this Court's authority to review his claims against the defendants, a state agency and a municipal entity. *See, e.g.*, *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996) ("The Eleventh Amendment deprives the federal courts of subject matter jurisdiction over suits by any citizen against any state"); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983); *Irish v. Fowler*, 979 F.3d 65, 67 (1st Cir. 2020) (Although a state's failure to protect an individual from private violence does not violate due process, "officers may be held liable for failing to protect plaintiffs from danger created or enhanced by [the officer's] affirmative acts").

Finally, Mr. Keith's adding the Oxford County Sheriff's Office does not give this Court jurisdiction to hear his case. *Cambron v. Brewer Police Dep't*, No. 1:13-cv-00004-JAW, 2013 U.S. Dist. LEXIS 170297, at *6 (D. Me. June 18, 2013) (rec. dec.)

2

(A town's police department "is not an entity with the legal capacity to sue or be sued and should be dismissed from the case for that reason"), *aff'd*, 2013 U.S. Dist. LEXIS 169203, at *2 (D. Me. Dec. 2, 2013).

The Court therefore DISMISSES as moot the Plaintiff's First Amended Complaint (ECF No. 31) and orders the Clerk's Office to issue an amended judgment of dismissal accordingly.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2026.